UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD WHITE,<br>　　　　Petitioner,<br><br>　　　v.<br><br>THE DISTRICT ATTORNEY OF LANCASTER<br>COUNTY and THE ATTORNEY GENERAL<br>OF THE STATE OF PENNSYLVANIA<br>　　　　Respondents. | No. 5:19-cv-03535 |

**O P I N I O N**

**Uncontested Report and Recommendation, ECF No. 24—Approved & Adopted**

JOSEPH F. LEESON, JR.　　　　　　　　　　　　　　　　　　　　　　　　　　　　May 4, 2021
**United States District Judge**

I.　　**INTRODUCTION & BACKGROUND**

On August 5, 2019, Edward White filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. In his petition, White challenges his sentence of seven-and-a-half to fifteen years in prison following his violation of probation for previous sex offenses. *See id.* White's habeas petition was subsequently referred to Magistrate Judge Richard A. Lloret for a Report and Recommendation ("R&R") as to whether the petition should be granted. *See* ECF No. 23. In an R&R issued on February 26, 2021, Judge Lloret recommends that White's habeas petition be summarily dismissed (1) for failure to state any claim that is cognizable under habeas review, and (2) because any claims White may be attempting to assert have not been exhausted in state court. *See* ECF No. 24. The time for filing objections to the R&R has come and gone, with no objections being filed.

After review of Judge Lloret's R&R, and in light of the absence of any objections to it, this Court now approves and adopts its findings and recommendations in their entirety.

## II. STANDARD OF REVIEW

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report—either de novo or under any other standard. *Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."). Nevertheless, the United States Court of Appeals for the Third Circuit has held that, notwithstanding the absence of objections, it is "better practice" to afford some level of review to dispositive legal issues raised in a Magistrate Judge's report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). Where no party objects to the findings and recommendations of a Magistrate Judge's report, the district court reviews the report for clear error. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (quoting FED. R. CIV. P. 72(b), advisory committee notes)); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error).

## III. DISCUSSION

In the absence of objections, this Court has reviewed Judge Lloret's R&R for plain error and has found none. The R&R outlines the factual and procedural history of this case prior to addressing the legal principles applicable to the screening of habeas claims under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 cases in U.S. District Courts. Judge

Lloret then concludes that because neither of White's habeas claims[1] "seeks relief on the ground that Mr. White 'is in custody in violation of the Constitution or laws or treaties of the United States,'" and because the claims "challenge the fact that Mr. White's probation was revoked for being found in possession of an order form for child pornography" but without raising any constitutional issues with that revocation, they are not cognizable on habeas review. R&R at 4-5. Judge Lloret further concludes that even if White had stated cognizable habeas claims, such claims are unreviewable because they were not presented to any state court. *See id.* at 5.

This Court agrees with Judge Lloret's findings and conclusions that whatever claims White may be attempting to assert in his habeas petition, because these claims do not challenge his conviction or sentence under the Constitution or laws of the United States, they are not viable habeas claims. This Court also agrees that even if they were viable habeas claims, they are unreviewable here because they were not presented to any state court.

IV. **CONCLUSION**

After review and in the absence of objections, this Court now adopts the findings and recommendations of Judge Lloret's well-reasoned R&R. White's habeas corpus petition is therefore dismissed, with prejudice. Moreover, because the Court agrees with Judge Lloret that

---

[1] White states as his first ground for habeas relief, "[t]here were not anyone [sic] to testify against me in court or any people to testify for me," ECF No. 1 at 7 of 20, and as his second ground for habeas relief, "[t]he victims I am accused of abusing were on a [sic] order form and could not testify because they live overseas. Megan's law states that you can not have a victim on film, magazine, or advertisement, the victims must be human and be able to testify or be in the same [undecipherable] as the ofender [sic]," *id*. at 9 of 20.

reasonable jurists would not disagree that White's claims are not viable and are unexhausted, White is not entitled to either an evidentiary hearing or a Certificate of Appealability.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge